NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 27 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OKLAHOMA POLICE PENSION AND
RETIREMENT SYSTEM, Lead Plaintiff,

Plaintiff - Appellant,

v.

PLAYAGS, INC.; DAVID LOPEZ; KIMO
AKIONA; DANIEL COHEN; ERIC
PRESS; DAVID SAMBUR; YVETTE
LANDAU; ADAM CHIBIB; APOLLO
GLOBAL SECURITIES,
LLC; CITIGROUP GLOBAL MARKETS,
INC.; CREDIT SUISSE SECURITIES
(USA) LLC; DEUTSCHE BANK
SECURITIES, INC.; JEFFERIES
LLC; MACQUARIE CAPITAL (USA)
INC.; MERRILL LYNCH; PIERCE
FENNER & SMITH
INCORPORATED; MORGAN STANLEY
SMITH BARNEY LLC; NOMURA
SECURITIES INTERNATIONAL,
INC.; ROTH CAPITAL PARTNERS,
LLC; SIEBERT WILLIAMS SHANK &
CO., L.L.C.; STIFEL, NICOLAUS &
COMPANY, INCORPORATED; TRUIST
FINANCIAL CORP.; UNION GAMING
SECURITIES LLC; APOLLO
INVESTMENT FUND VIII, LP; APOLLO

No. 24-1701

D.C. No.
2:20-cv-01209-JCM-NJK

MEMORANDUM*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

GAMING HOLDINGS, LP; APOLLO
GLOBAL MANAGEMENT, INC.; AP
GAMING VOTECO, LLC; GEOFF
FREEMAN,

      Defendants - Appellees.

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted March 4, 2025
Pasadena, California

Before: MURGUIA, Chief Judge, and SANCHEZ and H.A. THOMAS, Circuit
Judges.

Oklahoma Police Pension and Retirement System ("OPPR") appeals two district court orders: (1) an order granting, in part, Defendants' motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6); and (2) an order granting a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) as to OPPR's remaining claim for scheme liability. In its second amended complaint ("SAC"), OPPR alleged that Defendants committed violations of the Securities Exchange Act of 1934 ("SEA"), 15 U.S.C. §§ 78j(b), 78t(a), and the Securities Act of 1933 ("SA"), 15 U.S.C. §§ 77k(a), 77l(a)(2), 77o. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's orders de novo. *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021); *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). We affirm.

1. The SAC's SEA claims do not meet the heightened pleading standard of the Private Securities Litigation Reform Act ("PSLRA"). *See* 15 U.S.C. § 78u–4(b); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319–21 (2007). Under the PSLRA, claims arising under Section 10(b), 15 U.S.C. § 78j(b), and its regulatory enforcement, the Securities and Exchange Commission's ("SEC") Rule 10b–5, 17 C.F.R. § 240.10b–5, must "(1) 'specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading'" and "(2) 'state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'" *Tellabs, Inc.*, 551 U.S. at 321 (alteration in original) (quoting 15 U.S.C. § 78u–4(b)(1)–(2)).

OPPR failed to adequately plead intentional fraud or misrepresentation under Section 10(b) and SEC Rule 10b–5. *See Lorenzo v. Sec. & Exch. Comm'n*, 587 U.S. 71, 80 (2019) ("[T]his Court and the Commission have long recognized considerable overlap among the subsections of the Rule and related provisions of the securities laws."); *In re Facebook, Inc. Sec. Litig.*, 87 F.4th 934, 947 (9th Cir. 2023) (elements of misrepresentation). Statements expressing confidence in PlayAGS' potential growth and anecdotal evidence identified by OPPR do not adequately allege intentional misrepresentations or omissions in connection with the purchase or sale of any security. *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 610 (9th Cir. 2017) (applying to

Section 10(b) and Rule 10b–5 claims the three standards for pleading falsity of opinion statements articulated in *Omnicare, Inc. v. Labs. Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 186, 194 (2015)). Nor does OPPR adequately allege, for the purpose of its "theory of material misrepresentation," that Defendants "did not hold the belief [they] professed" or that Defendants' belief was "objectively untrue." *Id.* at 615–16. Moreover, because OPPR did not adequately allege that Defendants used or employed any deceptive device "in connection with the purchase or sale of any security" nor alleged that any such acts caused their injury, OPPR also failed to sufficiently plead its fraudulent scheme claim. *See Stoneridge Inv. Partners, LLC v. Sci.-Atlanta, Inc.*, 552 U.S. 148, 159–60 (2008); *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341 (2005)(internal quotation and citation omitted).[1]

2. Because OPPR failed to adequately plead primary liability under Section 10(b) and SEC Rule 10b–5, OPPR's SEA claim for control liability arising under Section 20(a), 15 U.S.C. § 78t(a), also fails. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009) ("Section 20(a) claims may be dismissed

---

[1] We also reject OPPR's assertion that the district court erred in granting Defendants' motion for judgement on the pleadings regarding OPPR's scheme liability claim given that the district court explicitly preserved its review of the scheme claim in its first order. *See* Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.").

. . . if a plaintiff fails to adequately plead a primary violation of section 10(b).").

3. The district court properly determined that OPPR lacks statutory standing to bring SA claims with respect to the March 2019 secondary public offering ("SPO") because OPPR only purchased stock in the August 2018 SPO ("2018 SPO").[2] *See Slack Techs., LLC v. Pirani*, 598 U.S. 759, 768 (2023) ("To bring a claim under § 11, the securities held by the plaintiff must be traceable to the particular registration statement alleged to be false or misleading."). As such, our analysis is limited to the offering documents that PlayAGS provided at its initial public offering ("IPO") and 2018 SPO: a shelf registration statement and two prospectus supplements (collectively, "offering documents").

OPPR's SA claims arising under Section 11, 15 U.S.C. § 77k(a), and Section 12(a), 15 U.S.C. § 77l(a)(2), do not meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b), as OPPR failed to allege with the requisite particularity any "false or misleading" statement made in connection with the IPO or 2018 SPO. Fed. R. Civ. P. 9(b); *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1404–05 (9th Cir. 1996) (applying Rule 9(b) to Section 11 claims "grounded in fraud"). The SAC does not allege facts that Defendants qualify as "statutory seller[s] or offeror[s]" or that either prospectus contained an "untrue statement of a material fact or omits to state a material fact necessary in order to make the

---

[2] On appeal, OPPR concedes that it only purchased stock in the 2018 SPO.

statements . . . not misleading." *Pino v. Cardone Cap., LLC*, 55 F.4th 1253, 1257 (9th Cir. 2022) (internal quotation marks omitted).

4. Because OPPR cannot show primary liability under the SA, its claim for control liability under Section 15 of the SA necessarily fails. 15 U.S.C. § 77o; *see also In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869, 886 (9th Cir. 2012) ("[S]ection 15 . . . require[s] underlying primary violations of the securities laws.").

**AFFIRMED.**